UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDGAR H. ELIAS ESCOBAR,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director, MICHAEL KROL, HIS New England Special Agent in Charge, TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, PAMELA BONDI, U.S. Attorney General, and KRISTI NOEM, U.S. Department of Homeland Security,<br><br>Respondents. | Civil Action No. 1:25-cv-12620-IT |

MEMORANDUM & ORDER

October 3, 2025

TALWANI, D.J.

Petitioner Edgar H. Elias Escobar's Petition for Writ of Habeas Corpus [Doc. No. 1] asserts that his detention by Immigration and Customs Enforcement ("ICE") violates his due process rights and seeks his immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). For the reasons set forth below, the Petition is GRANTED as follows. The court orders that Elias Escobar be provided a bond hearing before an immigration judge within 7 days of this order.[1]

I. **Statutory Background**

"Two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226." Gomes v. Hyde, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025) (footnotes omitted). As relevant here, section 235 of the Immigration and

---

[1] Petitioner's assented-to Motion to Expedite Adjudication [Doc. No. 8] is GRANTED.

Nationality Act ("INA"), codified at 8 U.S.C. § 1225, provides for inspection of "[a]ll aliens . . . who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States[,]" 8 U.S.C. § 1225(a)(3), where an "applicant for admission" is defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." id. § 1225(a)(1). Subject to exclusions not applicable here, detention is mandatory under Section 1225,

> in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Id. § 1225(b)(2)(A). In other words, three conditions trigger 8 U.S.C. § 1225's mandatory detention provision: "an 'examining immigration officer' must determine that the individual is: (1) an 'applicant for admission'; (2) 'seeking admission'; and (3) 'not clearly and beyond a doubt entitled to be admitted.'" Martinez v. Hyde, __ F. Supp. 3d __, 2025 WL 2084238, at *2 (D. Mass. July 24, 2025). The Supreme Court has framed 8 U.S.C. § 1225 as related to a "process of decision [that] generally begins at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible." Jennings v. Rodriguez, 583 U.S. 281, 287 (2018).

The other statute, section 236 of the INA, codified at 8 U.S.C. § 1226, "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Id. at 289. As relevant here, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States[,]" with certain conditions for release or conditional parole. 8 U.S.C. § 1226(a). "[T]he Due Process clause of the Fifth Amendment entitles a noncitizen detained pursuant to section 1226(a) to a bond hearing at which the government bears the burden of

2

proving by clear and convincing evidence that the noncitizen is dangerous or a flight risk." Hernandez-Lara v. Lyons, 10 F.4th 19, 27, 41 (1st Cir. 2021); see also 8 C.F.R. §§ 1003.19(a), 1236.1(d).[2]

## II. Factual and Procedural Background

Elias Escobar is a national of El Salvador who has resided in the United States since June 2017. Pet. ¶¶ 1, 42 [Doc. No. 1]. He entered the United States without inspection and was not apprehended by government officials upon entry. Id. ¶ 42.

In August 2025, his wife, a U.S. citizen, filed a Form I-130 Petition for Alien Relative on his behalf, which is currently pending with U.S. Citizenship and Immigration Services. Id. ¶ 43; Decl. of Elias Escobar ("Decl.") ¶ 2 [Doc. No. 7-1]. Elias Escobar has been employed with the same company for five years, is an active volunteer for Our Lady of the Assumption Parish in East Boston, and cares for his elderly relatives. Pet. ¶ 49 [Doc. No. 1]. He has no criminal record. Id. ¶¶ 44, 49; Decl. ¶ 9 [Doc. No. 7-1].

In the early morning of September 17, 2025, as Elias Escobar was driving out of his apartment complex for work, a vehicle behind him flashed police lights, then passed and abruptly pulled in front of him, causing a collision. Pet. ¶ 45 [Doc. No. 1]; Decl. ¶ 3 [Doc. No. 7-1]. Several masked officers approached the driver's side window, demanding to see Elias Escobar's identification. Decl. ¶ 4 [Doc. No. 7-1]. He asked to see their badge numbers first, but they refused. Id. He handed over his driver's license through a gap in the window, and one officer put the license in his chest pocket. Id. The officers then demanded that Elias Escobar exit his vehicle. Id. ¶ 5. He asked that they wait until his lawyer—his wife—arrived. Id. The officers smashed the

---

[2] 8 U.S.C. § 1226(c) provides for mandatory detention without a bond hearing under circumstances not at issue here. See Demore v. Kim, 538 U.S. 510, 513 (2003).

3

window, opened the door, and pulled him by the arm while his seatbelt was still on. Id. They also threatened to tase him. Id.

After being placed under arrest, Elias Escobar was first transported to MelroseWakefield Hospital to be treated for injuries and taken for X-rays and a CT scan. Id. ¶ 6; Pet. ¶ 46 [Doc. No. 1]. His wife and counsel were both denied access to him at the hospital. Pet. ¶ 46 [Doc. No. 1].

Elias Escobar was transported through the back of the hospital to the ICE field office in Burlington, Massachusetts. Id. ¶ 47. While there, he was issued a Notice to Appear and Warrant for Arrest of Alien. Decl. ¶ 7 [Doc. No. 7-1]. The Warrant for Arrest of Alien cites as authority for Elias Escobar's arrest, among other provisions, section 236 of the INA. Ex. 2, Warrant for Arrest of Alien [Doc. No. 7-2]. The Warrant does not cite section 235 of the INA. See id.

Elias Escobar is now detained at Plymouth County Correctional Facility. Decl. ¶ 8 [Doc. No. 7-1].

### III. Discussion

Respondents "contend that Petitioner's detention is governed by INA § 235, 8 U.S.C. § 1225, because as an alien who entered without inspection or parole, he is an applicant for admission who is treated, for constitutional purposes, as if stopped at the border. As such, he is subject to mandatory detention." Respondents' Abbreviated Response ("Resp.") 4 [Doc. No. 6]. Respondents also point to a recent decision of the Board of Immigration Appeals ("BIA"), Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), finding that mandatory detention of a nonresident who was present in the country for over two years was authorized by 8 U.S.C. § 1225. At the same time, Respondents "acknowledge that the principal legal issues in this case substantially overlap with those at issue in" the court's decision in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), and "[s]hould the Court apply the same

4

reasoning of [Doe and similar] cases here, it would reach the same result as the facts of those cases are materially indistinguishable from the facts presented in this case." Resp. 4 [Doc. No. 6].

The court finds the reasoning in Doe and similar cases remains correct. To begin with, as the court explained in Doe, "Respondents' argument that Section 1225's detention provisions apply is a nonstarter because nothing in the record indicates that Section 1225 was the basis for Petitioner's detention." Doe, 2025 WL 2576819, at *4. Here, on the day ICE arrested Elias Escobar, Respondents served him with a Warrant for Arrest of Alien that identified as its authority section 236 of the INA (8 U.S.C. § 1226), see Ex. 2, Warrant for Arrest of Alien [Doc. No. 7-2], rather than section 235 (8 U.S.C. § 1225). Further, had ICE used 8 U.S.C. § 1225 as the basis for the arrest, such action would be contrary to the statutory scheme, as explained in Doe, 2025 WL 2576819, at *5, and similar cases. The court notes that Respondents have not appealed these decisions.

As to the BIA's decision in Matter of Yajure Hurtado, it is not binding and this court "must exercise independent judgment in determining the meaning of statutory provisions." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 394 (2024). The BIA's decision is contrary to this court's uniform approach to interpreting 8 U.S.C. §§ 1225 and 1226. See Doe, 2025 WL 2576819, at *5 (collecting cases). It is also contrary to the interpretation of courts in other jurisdictions. See, e.g. Pet. ¶ 35 [Doc. No. 1] (collecting cases from the Districts of Arizona, Minnesota, Maryland, Nebraska, and the Southern District of New York, the Central District of California, the Northern District of California, the Southern District of California, the Western District of Louisiana, and the Eastern District of Michigan). Finally, as another district court within the First Circuit has recently noted in rejecting the BIA's reasoning in Matter of Yajure

5

Hurtado, the decision is inconsistent with other BIA decisions and with decades of the Department of Homeland Security's practice. See Chogllo Chafla v. Scott, 2025 WL 2688541, at *7–8 (D. Me. Sept. 22, 2025); see also Sampiao v. Hyde, __ F. Supp. 3d __, 2025 WL 2607924, at *8 n.11 (D. Mass. Sept. 9, 2025); Jimenez v. FCI Berlin, Warden, __ F. Supp. 3d __, 2025 WL 2639390, at *10 n.9 (D.N.H. Sept. 8, 2025).

Accordingly, where Respondents concede that the facts here "are materially indistinguishable" from those in Doe and the cases cited in Doe, and where Respondents have provided no authority requiring a different outcome, the court finds that Elias Escobar's detention falls under Respondents' discretionary authority under 8 U.S.C. 1226(a) and thus entitles him to a bond hearing.

**IV.    Conclusion**

For the foregoing reasons, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than October 10, 2025, Elias Escobar must be provided a bond hearing. Any decision to retain Elias Escobar in custody following the bond period shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

October 3, 2025                               /s/ Indira Talwani
                                              United States District Judge